IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TARAN R. WARE and TAKEEMA S. WARE**                                    **PLAINTIFF**

V.                          CASE NO. 4:24-CV-00308-01-JM

**BANK OF AMERICA, N.A.**                                                **DEFENDANT**

**ORDER**

Pending is Defendant's Motion to Dismiss (Doc. No. 4). Plaintiffs have responded.[1]

Plaintiffs' complaint is 25 pages of nonsensical "legal" arguments that are merely an attempt to avoid a looming foreclosure. Essentially, Plaintiffs argue that Defendant cannot foreclose because the mortgage is "currently owned by the FNMA 2020-79 Trust, CUSIP 3136BCHX1 [and] it can only be determined if the original Ware Note had been physically delivered to the FNMA 2020-79 Trust by checking with the custodian of documents."[2] The confusing and unsubstantiated claims continue from there with discussions about livery of seisin, vague allegations of fraud in the concealment, an alleged securities violation, and an attempt at wrongful foreclosure because of theories of "show me the note" and "wet ink signature."[3]

The allegations are cut out of whole cloth and legally baseless.[4] On September 28, 2020, Plaintiffs signed a mortgage with Defendant.[5] Since then, Defendant has serviced, and been in

---

[1] Doc. No. 8.

[2] Doc. No. 1.

[3] *Id.*

[4] Typically, a court should not go outside the pleadings at this stage. However, the mortgage is properly considered, since it is discussed throughout the Complaint. Additionally, Defendant provided an affidavit with their motion and Plaintiffs provided a "forensic report" in their response, so both parties invited the Court to go outside of the pleadings.

[5] Doc. No. 5-1.

possession of, the mortgage.[6] In fact, Plaintiffs' expert admits that, based on the evidence he reviewed, there was never a transfer of the debt.[7] So, Plaintiffs' entire reason for filing their Complaint and attempt to block a foreclosure sale—that Defendant is not the proper party to advance foreclosure—has been rejected by their own expert.

The motion to dismiss (Doc. No. 4) is GRANTED. This case is dismissed with prejudice.

IT IS SO ORDERED this 7th day of August, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[6] Doc. No. 5-2.

[7] Doc. No. 8 at 19.